**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

09 - 20407 CR - HUCK

CASE NO:

MAGISTRATE JUDGE
O'SULLIVAN

18 U.S.C. §371
18 U.S.C. §1956(h)
21 U.S.C. §846
18 U.S.C. §1014
18 U.S.C. §1341
18 U.S.C. §1344
18 U.S.C. §2113(b) & (c)
18 U.S.C. §982

**UNITED STATES OF AMERICA**

**vs.**

**GARRY SOUFFRANT,**
**YVONNE SOUFFRANT,**
**GAMALIEL SOUFFRANT,**
        **a/k/a Neal,**
**and,**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.**

                    **Defendants.**
_____/



FILED by _____ D.C.

MAY 1 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      Defendant **Progressive Real Estate of Broward, Inc.**, (hereinafter "PREB") was a business in Broward County specializing in representing persons interested in buying personal residences in the South Florida area. In official filings with the Florida Department of State, it listed its President as defendant **GARRY SOUFFRANT**, its Vice President as defendant **YVONNE SOUFFRANT**, and its Treasurer/Secretary as defendant **GAMALIEL SOUFFRANT**.

2.     Defendant **PREB** often worked with other professionals in the real estate industry when conducting a purchase of a personal residence for a buyer. These professionals included T.A.B., and B.L.-D., lawyers specializing in doing "closings" for sales of residences, and Y.P., the owner and operator of a mortgage brokerage business.

3.     When a person seeks to buy a personal residence, that person must "qualify" for a loan. Such person, called a "borrower," must submit to a mortgage lender a Uniform Residential Loan Application, also called a Form 1003, wherein the borrower discloses personal financial information, such as employment, monthly income, and whether the borrower intends to use the personal residence as a "primary residence." Mortgage lenders use this type of information in deciding whether to loan any money to the borrower.

4.     When a mortgage lender decides it will lend money to the borrower, the lender sends "closing instructions" to the closing attorney, instructing that attorney how the loan money is to be disbursed, in order to "close" on the purchase of the residence by the borrower. Routinely, lenders' closing instructions direct the closing attorney to pay off any outstanding liens, mortgages, and/or taxes on the residence, out of the money being loaned to the borrower. The closing attorney is required to comply with these closing instructions, due to the closing attorney's fiduciary relationship with the lender.

5.     The term "closing" is used in the real estate industry to refer to the event at which the legal transfer of real estate from seller to buyer formally takes place and the point at which funds are transferred between the various parties, such as from the mortgage lender to the buyer, or to the seller on the buyer's behalf, which transfer is often accomplished by temporarily passing the funds through an intermediary, commonly referred to as a "settlement agent" or "closing attorney."

2

At the closing a document called a "Settlement Statement" or "HUD-1" is utilized, to identify all monies that are being transferred, loaned, or disbursed. At the conclusion of the closing, the buyer, the seller, and the closing attorney all sign the Settlement Statement.

6.       The closing attorney thereafter sends the signed Settlement Statement to the mortgage lender. Usually on the same day the lender wires the loan proceeds into the closing attorney's escrow account, from which the closing attorney then makes all payments and disbursements in accordance with the lender's closing instructions.

## COUNT 1
### Conspiracy to Commit Offenses
### 18 U.S.C. §371

7.       The General Allegations contained in paragraph 1 - 6 are realleged and incorporated by reference as if fully set forth herein.

8.       Beginning in 2002 and continuing through 2008, in Miami-Dade, and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**YVONNE SOUFFRANT,**
**GAMALIEL SOUFFRANT**
**a/k/a NEAL,**
**and,**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC..**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

3

a. knowingly devise and intend to devise a scheme and artifice to defraud mortgage lenders and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to execute such scheme, to cause the U.S. Postal Service and interstate, commercial carriers to deliver mail matter, in violation of Title 18, United States Code, Section 1341;

b. knowingly devise and intend to devise a scheme and artifice to defraud mortgage lenders, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to execute such scheme, to cause to be transmitted in interstate commerce by means of wire communications certain signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343;

c. knowingly make false statements in loan applications for the purpose of influencing financial institutions whose accounts were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1014;

d. knowingly devise and intend to devise, and execute, a scheme and artifice to defraud financial institutions whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain money and funds owned by, and under the custody or control of such financial institutions, by means of materially false, fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344;

e. take and carry away, with intent to steal and purloin, money of a value exceeding $1,000, belonging to and in the care, custody, control, management and possession of any bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(b);

4

f. receive, possess, conceal, store, barter, sell and dispose of money which had been taken and carried away, with the intent to steal and purloin, from the care, custody, control, management, and possession of a bank the deposits of which were insured by the Federal Deposit Insurance Corporation, at the time of such taking and carrying away, knowing said money had been stolen, in violation of Title 18, United States Code, Section 2113(c).

## PURPOSE AND OBJECT OF THE CONSPIRACY

9.  It was a purpose of the conspiracy for the defendants and their coconspirators to unlawfully enrich themselves by, among other things: (a) engaging in the sale and purchase of personal residences, by providing false statements and information included in the mortgage loan applications to which the defendants and their coconspirators had subscribed, as well as included in related certifications and substantiating documentation, which the defendants and their coconspirators would submit and cause to be submitted to the lenders, which caused the lenders to approve and fund the fraudulent loans, and to disburse the loan proceeds to the defendants and their coconspirators, and thereby, (b) obtaining money and property through false and fraudulent statements and information, for the defendants' and their conspirators' personal use and benefit and to further their criminal conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

10.  The defendants and their coconspirators utilized the below-described manner and means to accomplish the unlawful purpose and objects of the conspiracy, and would engage, and did engage, in the following activities, among others:

11.  **GARRY SOUFFRANT** would purchase personal residences, using his wife, **YVONNE SOUFFRANT,** as the apparent purchaser. **GARRY SOUFFRANT and YVONNE**

5

**SOUFFRANT** would prepare and submit to lenders false and fraudulent Uniform Residential Loan Applications containing false information about **YVONNE SOUFFRANT'S** employment, monthly income, and her intent to make the residence her "primary residence."

12.     **GARRY SOUFFRANT and YVONNE SOUFFRANT** would use their coconspirators as their nominees to purchase personal residences.  Those coconspirator-nominees included Lathosha Alexander, Stacey Maycock, T.A.B., E.J., T.R., M.ST.P., J.M., T.R., and W.E. whose true identities are known to the Grand Jury.  **GARRY SOUFFRANT** would prepare false Uniform Residential Loan Applications himself for the coconspirator-nominees, and he would direct co-conspirators to prepare false Uniform Residential Loan Applications themselves.

13.     **GARRY SOUFFRANT** would prepare false   Uniform Residential Loan Applications for buyers of personal residences, who were not his coconspirator-nominees, in order for these buyers to qualify for loans from mortgage lenders.

14.     **GARRY SOUFFRANT** would put the ownership of a residence that he owned in the name of **GAMALIEL SOUFFRANT**, a/k/a Neal, or in the name of his coconspirator-nominees, by giving them a quit claim deed to the residence.

15.     **GARRY SOUFFRANT** would direct his coconspirators who were closing attorneys for his purchases of residences to not comply with the lender's closing instructions to use the loan proceeds to pay off a seller's existing mortgage, but instead, to divert the loan proceeds to himself and the other defendants.

16.     On those occasions when **GARRY SOUFFRANT**'s coconspirator-closing attorneys diverted loan proceeds, and did not pay off a seller's existing mortgage,  **GARRY SOUFFRANT** and **YVONNE SOUFFRANT** would continue to make monthly payments on those seller's existing

6

mortgages, so the mortgages would not go into default, and thereby disclose the diversion of the loan proceeds.

## OVERT ACTS

17.     In furtherance of the conspiracy and to achieve the purpose and objects thereof, at least one of the defendants and coconspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

18.     On or about November 19, 2003, in Broward County, Florida, **GARRY SOUFFRANT** submitted a false document to Delta Funding Corporation, in order to obtain a mortgage on behalf of S.C., whose true identity is known to the Grand Jury, so that she could purchase the residence at 1010 N.W. 179th Avenue, Miami, Florida, and which document falsely claimed that S.C. had paid $3,450 to rent a particular apartment in Miami, Florida.

19.     On or about January 7, 2004, in Broward County, Florida, **GARRY SOUFFRANT** and **YVONNE SOUFFRANT** submitted a false document to Service First Mortgage, LLC, in order to obtain a mortgage to purchase the residence at 2264 S.W. 117 Avenue, Miramar, Florida, which document purported to be from accountant A.B., whose true identity is known to the Grand Jury, and which falsely claimed that he had prepared and filed her income tax returns for the past two years.

20.     On or about January 24, 2004, in Broward County, Florida, **GARRY SOUFFRANT and YVONNE SOUFFRANT** submitted a false Uniform Residential Application Form to Service First Mortgage, LLC, in order to obtain a mortgage to purchase the residence at 2264 S.W. 117th Avenue, Miramar, Florida, in that the applicant, **YVONNE SOUFFRANT**, falsely claimed that she had worked for **PREB** for the previous four years; that she earned $8,000 per month; and that she intended to make this residence her "primary residence."

7

21.    On or about February 1, 2006, **GAMALIEL SOUFFRANT** acted as a nominee buyer for **GARRY SOUFFRANT** so that County Trust Mortgage Bankers Corporation would refinance the residence located at 1248 N.W. 165th Avenue, Pembroke Pines, Florida.

22.    On or about June 13, 2006, **GARRY SOUFFRANT** instructed T.A.B. to divert approximately $525,594 of loan proceeds from Horizon Bank to fund the sale of the residence located at 3802 West Lake Estates Drive, Davie, Florida, and then used a portion of the diverted funds to payoff **YVONNE SOUFFRANT's** mortgage on the residence located at 16711 N.W. 79th Avenue, Miami Lakes, Florida.

23..    On or about January 8, 2008, **GARRY SOUFFRANT** instructed T.A.B. to divert approximately $859,191 of loan proceeds from JP Morgan Chase Bank to fund the sale of 3801 Collins Avenue, Unit 2005, Miami Beach, Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Launder Illegal Proceeds
### 18 U.S.C. §1956(h)

1.    Beginning in 2002 and continuing through 2008, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**YVONNE SOUFFRANT,**
**GAMALIEL SOUFFRANT**
**a/k/a NEAL,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to conduct

8

financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of some specified unlawful activities, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activities, and knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location source, ownership, and control of the proceeds of specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2.      It is further alleged that the financial transactions involved the proceeds of specified unlawful activities; the specified unlawful activities referred to are:

a) the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance, punishable under the laws of the United States;

b) knowingly devising and intending to devise a scheme and artifice to defraud mortgage lenders, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, from mortgage lenders, and to execute such scheme, to cause the U.S. Postal Service, and interstate, commercial mail carriers to deliver mail matter;

c) knowingly making false statements in loan applications, for the purpose of influencing the action of financial institutions whose accounts were insured by the Federal Deposit Insurance Corporation;

d) knowingly devising and intending to devise and executing a scheme and artifice to defraud financial institutions whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain money and funds owned by, and under the custody or control of such financial institutions, by means of materially false, fraudulent pretenses, representations, and promises.

9

## PURPOSE AND OBJECT OF THE CONSPIRACY

3.     It was a purpose and object of this conspiracy that the defendants and their coconspirators would use monies derived from the sale of large quantities of cocaine to purchase personal residences for personal use and investments, and to purchase and lease luxurious automobiles for their personal use.

4.     It was further a purpose and object of this conspiracy that the defendants and their coconspirators would obtain large sums of money from financial institutions, whose accounts were insured by the Federal Deposit Insurance Corporation, by submitting false loan applications to those financial institutions.

5.     It was further a purpose and object of this conspiracy that the defendants and their coconspirators would devise and intend to devise, and to execute, a scheme and artifice to defraud financial institutions, whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain money and funds owned by and under the custody or control of such financial institutions, by means of false, fraudulent pretenses, representations and promises, by diverting loan proceeds obtained from those financial institutions, from their intended purpose, and instead, to use them for the defendants' and their coconspirators' personal enrichment.

## MANNER AND MEANS OF THE CONSPIRACY

6.     The manner and means of the conspiracy that were utilized by the defendants and their coconspirators included the following, among others;

a.     **GARRY SOUFFRANT, YVONNE SOUFFRANT,** and **GAMALIEL SOUFFRANT, a/k/a Neal,** would accept large sums of drug money from persons they knew to be drug traffickers, such as, Ali Adam and Graylin Kelly, in order to buy personal residences for them,

10

to lease luxurious automobiles for them, and they would also exchange checks for drug proceeds that the drug traffickers would provide to them in cash;

b. In order to hide the true source of the drug money being used to buy residences, and obtain automobiles, the defendants and their coconspirators would use nominees to submit false loan applications to mortgage lenders, and to lease and purchase automobiles;

c. These nominees could not otherwise qualify for loans, so the defendants and coconspirators would falsify the loan applications by exaggerating the nominees' monthly income from real and fictitious employers, and by claiming that the nominees intended to make these residences their "primary residence," amongst other false statements.

d. Once the loans were obtained by the nominees, the defendants and their coconspirators would make the monthly mortgage payments, utilizing the drug traffickers' drug money.

e. When the loans were obtained by the nominees, and by legitimate buyers, the defendants and their coconspirators would cause the coconspirator-closing attorneys to divert the loan proceeds to the personal use and enrichment of the defendants.

## OVERT ACTS

7.    In furtherance of the conspiracy and to achieve the purpose and objects thereof, at least one of the defendants and coconspirators committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

8.    On or about August 20, 2004, in Miami-Dade County, **YVONNE SOUFFRANT** wired $1,000 to Romie Robertson in Norcross, Georgia, via Western Union.

11

9.      On or about March 30, 2004, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $20,000 drawn on **PROGRESSIVE REAL ESTATE, INC.'s (PREB's)** business account at Wachovia Bank to Andre A. Boyer, in order to repay Andre A. Boyer for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

10.     On or about April 28, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $7,500 drawn on **PREB's** business account at Wachovia Bank to Stacey Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

11.     On or about November 3, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $3,000 drawn on **PREB's** business account at Bank of America to Stacey Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

12.     On or about December 1, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $6,000 drawn on **PREB's** business account at Bank of America to Stacey Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

13.     On or about January 21, 2006, in Broward County, Florida, **GARRY SOUFFRANT** wrote two checks, one check for $11,300 and the other check for $3,200, both drawn on **PREB's** business account at Bank of America and both were to Stacey Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

14.     On or about May 6, 2006, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $6,500 drawn on **PREB's** business account at Bank of America to Stacey

Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

15.     On or about July 7, 2006, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check for $7,000 drawn on **PREB's** business account at Bank of America to Stacey Maycock, in order to repay Ali Adam for narcotics proceeds that he had given to **GARRY SOUFFRANT**.

16.     On or about October 23, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check on his account at Bank of America to Braman Motors in the amount of $5,000 in order to purchase a 2004 Rolls Royce Phantom for Ali Adam. Ali Adam provided drug proceeds to **GARRY SOUFFRANT** to fund the purchase of the Rolls Royce.

17.     On or about November 19, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check on **PREB's** account at Bank of America to Braman Motors in the amount of $35,000 in order to purchase a 2004 Rolls Royce Phantom for Ali Adam. Ali Adam provided drug proceeds to **GARRY SOUFFRANT** to fund the purchase of the Rolls Royce.

18.     On or about November 30, 2005, in Broward County, Florida, **GARRY SOUFFRANT** wrote a check on **PREB's** account at Bank of America to Braman Motors in the amount of $35,000 in order to purchase a 2004 Rolls Royce Phantom for Ali Adam. Ali Adam provided drug proceeds to **GARRY SOUFFRANT** to fund the purchase of the Rolls Royce.

19.     On or about May 19, 2004, in Broward County, Florida, B.L.D., at the direction of **GARRY SOUFFRANT**, diverted $49,493.52 of the loan proceeds funded by National City Mortgage Co., for the sale of the residence located at 16254 S.W. 15th Street, Pembroke Pines, Florida, via check from B.L.D.'s escrow account to **PREB**.

13

20.     On or about November 16, 2005, in Miami-Dade County, Florida,  T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $200,000 of the loan proceeds funded by Wachovia Mortgage Corporation for the sale of the residence located at 16711 N.W. 79th Avenue, Miami Lakes, Florida, by wire transferring the funds from T.A.B.'s escrow account to a law firm.

21.     On or about December 1, 2005, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $283,000 of the loan proceeds funded by Wachovia Mortgage Corporation for the sale of the residence located at 13681 S.W. 51st Street, Miramar, Florida, by wire transferring the funds from T.A.B.'s escrow account to LIME Financial in order to payoff the mortgage on the residence located at 8651 S.W. 16th Court, Pembroke Pines, Florida.

22.     On or about February 13, 2006, in Miami-Dade County, Florida,  T.A.B., at the direction of **GARRY SOUFFRANT**,  diverted $100,000 of the loan proceeds funded by Bank of America for the sale of the residence located at 16182 S.W. 15th Street, Pembroke Pines, Florida, by wire transferring the funds from T.A.B.'s escrow account to A.Septic,  Inc.

23.     On or about June 12, 2006, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**,  diverted $140,000 of the loan proceeds funded by Provident Funding Group for the sale of the residence located at 2264 S.W. 117th Avenue, Miramar, Florida, via check from T.A.B.'s escrow account to E.S., whose true identity is known to the Grand Jury.

24.     On or about June 15, 2006, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $420,000 of the loan proceeds funded by Horizon Bank for the sale of the residence located at 3802 West Lake Estates Drive, Davie, Florida, by wire transferring the funds from T.A.B.'s escrow account to Chase Home in order to payoff **YVONNE**

**SOUFFRANT's** mortgage on the residence located at 16711 N.W. 79th Avenue, Miami Lakes, Florida.

25.     On or about October 10, 2006, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $180,000 of the loan proceeds funded by World Savings Bank for the sale of the property located at 18830 N.W. 11th Avenue, Miami, Florida, by wire transferring the funds from T.A.B.'s escrow account to **GAMALIEL SOUFFRANT**.

26.     On or about October 11, 2006, in Miami-Dade County, Florida, **GAMALIEL SOUFFRANT** wire transferred $60,000 from his account at Miami Firefighter's Credit Union to S.D. , whose true identity is known to the Grand Jury.

27.     On or about January 8, 2008, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $276,216 of the loan proceeds funded by JPMorgan Chase Bank for the sale of the residence located at 3801 Collins Avenue, Unit 2005, Miami Beach, Florida, by wire transferring the funds from T.A.B.'s escrow account to Equity Max.

28.     On or about January 9, 2008, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $300,000 of the loan proceeds funded by JPMorgan Chase Bank for the sale of the residence located at 3801 Collins Avenue, Unit 2005, Miami Beach, Florida, by wire transferring the funds from T.A.B.'s escrow account to the Turnkey Group.

29.     On or about February 1, 2008, in Miami-Dade County, Florida, T.A.B., at the direction of **GARRY SOUFFRANT**, diverted $280,000 of the loan proceeds funded by JPMorgan Chase Bank for the sale of the residence located at 3801 Collins Avenue, Unit 2005, Miami Beach, Florida, by wire transferring the funds from T.A.B.'s escrow account to A.Septic, Inc.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 3
### Conspiracy to Possess with Intent to Distribute Cocaine
### 21 U.S.C. §846

Beginning in or about 2002 and continuing through 2008, in Miami-Dade and Broward Counties, in the Southern District of Florida and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, including Ali Adam and Graylin Kelly, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

### COUNT 4
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

In or about April 2003, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Washington Mutual Bank, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused Lathosha Alexander to falsely claim in an application for a mortgage loan to

purportedly purchase a residence at 17440 S.W. 29th Court, Miramar, Florida, that she was the buyer

of this residence; that this residence would be her "primary residence;" that the seller of the residence

was her "cousin" who was "gifting" her with $54,000 in equity in the residence; and that the sale

price of the residence was $260,000; when in truth and in fact, as **GARRY SOUFFRANT** then and

there well knew and believed, Lathosha Alexander was not the true buyer of this residence; that this

residence would not be her "primary residence"; that the seller was not her "cousin" who was gifting

her with $54,000 in equity; and that the sale price of the house was not $260,000; in violation of

Title 18, United States Code, Sections 1014 and 2.

**COUNT 5**
**False Statement to Mortgage Lender**
**18 U.S.C. §§ 1014 and 2**

On or about October 13, 2004, at Miami-Dade County, in the Southern District of Florida,

and elsewhere,  the defendant,

**GARRY SOUFFRANT,**

did knowingly aid, abet, counsel, command induce, and procure the making of a false statement for

the purpose of influencing the action of World Savings Bank, whose accounts were insured by the

Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT**

caused Lathosha Alexander to  falsely claim in an application for a mortgage loan to purportedly

purchase a residence at 2961 N.E. 185th Street, Unit 1614, Aventura, Florida, that Unit 1614 would

be her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there

well knew and believed, she was not the true buyer of Unit 1614; and Unit 1614 would not be her

"primary residence"; in violation of Title 18, United States Code, Sections 1014 and 2.

17

## COUNT 6
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about December 6, 2004, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Bank, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused Lathosha Alexander to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 2945 N.E.185th Street, Unit 1409, Aventura, Florida, that Lathosha Alexander was the buyer of Unit 1409; that Unit 1409 would be her "primary residence"; and that she was receiving $2,500 per month from the rental of a house at 17440 S.W. 29th Court, Miramar, FL; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, Lathosha Alexander was not the true buyer of Unit 1409; that Unit 1409 would not be Lathosha Alexander's "primary residence"; and that she was not receiving $2,500 per month from the rental of a house at 17440 S.W. 29th Court, Miramar, FL; in violation of Title 18, United States Code, Sections 1014, and 2.

## COUNT 7
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about October 20, 2005, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

18

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Chase Bank USA, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused Lathosha Alexander to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 1228 N.W. 165 Avenue, Pembroke Pines, Florida that she was the buyer of this residence; that she had made a down payment of $45,000; that she earned $8,300 per month from her employment with an agency called the Center for Family & Child Enrichment; and that the residence would be her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, Lathosha Alexander was not the true buyer of this residence; that she had not made a down payment of $45,000; that she did not earn $8,300 per month from her employment with an agency called the Center for Family and Child Enrichment; and that the residence would not be her "primary residence;" in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT 8
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about November 30, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT**, caused Lathosha Alexander to falsely claim in an application for a mortgage loan

19

to purportedly purchase a residence at 13681 S.W.51st Street, Miramar, Florida, that she was the buyer of this residence; that she earned $9,700 per month from her employment with an agency called the Center for Family and Child Enrichment, Miami, Florida; and that she received $3,700 per month from the rental of a house at 1228 N.W. 165th Avenue, Pembroke Pines, Fl; and that she received $3,300 per month from the rental of a house at 2945 N.E. 185th Street, Unit 1409, Aventura, Florida; and that she received $3,800 per month from the rental of a house at 17440 S.W. 29th Court, Miramar, Florida; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, Lathosha Alexander was not the buyer of this house; that she did not earn $9,700 per month from her employment with the Center for Family and Child Enrichment; and she did not receive $3,700 per month from the rental of a house at 1228 N.W. 165th Avenue, Pembroke Pines, Florida; and that she did not receive $3,300 per month from the rental of a house at 2945 N.E. 185th Street, Unit 1409, Aventura, Florida; and that she did not receive $3,800 per month from the rental of a house at 17440 S.W. 29th Court, Miramar, Florida; in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT 9
### Mail Fraud
### 18 U.S.C. §§1341 and 2

In or about June 6, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### GARRY SOUFFRANT,
### and
### YVONNE SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier according to the directions thereon.

## THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT and YVONNE SOUFFRANT** devised a scheme and artifice to defraud Provident Funding Group, by obtaining a mortgage loan from Provident Funding Group for the purchase of a residence at 2264 S.W. 117 Avenue, Miramar, Florida, by Lathosha Alexander, as a nominee-buyer for **GARRY SOUFFRANT and YVONNE SOUFFRANT**, who caused the preparation and submission to Provident Funding Group, of loan application documents which **GARRY SOUFFRANT and YVONNE SOUFFRANT** knew contained false and fraudulent pretenses, representations and promises, in that Lathosha Alexander falsely claimed that she was the buyer for this residence; that she earned $17,450 per month; and that she intended to make this residence her "primary residence".

## USE OF THE COMMERCIAL INTERSTATE MAIL CARRIER

On or about June 6, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARY SOUFFRANT and YVONNE SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Provident Funding Group in Maitland, Florida, from Miami, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

21

## COUNT 10
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about October 20, 2005, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly make a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in order for Stacey Maycock to purportedly purchase a residence at 16711 N.W. 79th Avenue, Miami Lakes, Florida, from **GARRY SOUFFRANT**, that Stacey Maycock was **GARRY SOUFFRANT's** "sister-in-law", and that **GARRY SOUFFRANT** was "gifting" her with a gift of equity in this residence worth $180,000; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that Stacey Maycock was not his sister-in-law; and that he was not gifting her with a gift of equity worth $180,000; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 11
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about October 18, 2005, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in

22

order for Stacey Maycock to purportedly purchase a residence at 16711 N.W. 79th Avenue, Miami

Lakes, Florida, from **GARRY SOUFFRANT**, by causing T.A.B. to falsely state that Stacey

Maycock had been renting the residence at 16711 N.W. 79th Avenue, Miami Lakes, Florida; and that

Stacey Maycock had been paying $3,580 per month to rent that residence; when in truth and in fact

as **GARRY SOUFFRANT** then and there well knew and believed, Stacey Maycock had not been

renting that residence; and Stacey Maycock had not been paying $3,580 per month to rent that

residence; in violation of Title 18, United States Code, Sections 1014 and 2.

**COUNT 12**
**False Statement to Mortgage Lender**
**18 U.S.C. §§1014 and 2**

On or about December 12, 2005, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**GARRY SOUFFRANT,**

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for

the purpose of influencing the action of Bank of America, an institution whose accounts were insured

by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY**

**SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly

purchase a residence at 1188 N.W. 165 Avenue, Pembroke Pines, Florida, that she was the buyer of

the residence; that her monthly income was $15,085; and that she intended to make the residence her

"primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew

and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not

23

$15,085; and that she did not intend to make this residence her "primary residence"; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 13
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about January 5, 2006, in the Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Bank of America, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 18830 N.W. 11th Avenue, Miami, Florida, that she was the buyer of the residence; that her monthly income was $14,583; and that the residence would be an "investment"; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that she was not the true buyer of the residence; that her monthly income was not $14,583; and that this residence was not an "investment;" in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 14
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about January 20, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a  mortgage loan to purportedly purchase a residence at 1535 S.W. 112th Avenue, Davie, Florida, that she was the buyer of the residence; that her monthly income was $24,300; and that she intended to make the residence her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not $24,300; and that she did not intend to make this residence her "primary residence"; in violation of Title 18, United States Code, Sections 1014 and 2.

**COUNT 15**
**False Statement to Mortgage Lender**
**18 U.S.C. §§ 1014 and 2**

On or about January 20, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GARRY SOUFFRANT**,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a second mortgage loan to purportedly purchase a residence at 1535 S.W. 112th Avenue, Davie, Florida, that she was the buyer of the residence; that her monthly income was $24,300; and that she intended to make the residence her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and

25

there well knew and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not $24,300; and that she did not intend to make this residence her "primary residence"; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 16
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about January 20, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## GARRY SOUFFRANT,

did knowingly make a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** falsely claimed in several documents that he caused to be delivered to Wachovia Mortgage Corporation, that he was "gifting" his "sister-in-law" T.A.B., with over $300,000 towards the purchase of the residence at 1535 S.W. 112th Avenue, Davie, Florida; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew, he was not "gifting" T.A.B. with any money; and that T.A.B. was not his sister; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 17
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about January 6, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## GARRY SOUFFRANT,

26

did knowingly aid, abet, counsel, command, induce and procure the making of a false statement for

the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose

accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in

that  **GARRY SOUFFRANT** caused accountant A.B. to prepare a document that falsely claimed

that he had prepared the personal tax returns of T.A.B., for six years, which document  **GARRY**

**SOUFFRANT** provided to Wachovia Mortgage Corporation in connection with T.A.B.'s application

for a loan to purportedly purchase the residence at 1535 S.W. 112th Avenue, Davie, Florida; when

in truth and in fact, as  **GARRY SOUFFRANT** then and there well knew and believed, accountant

A.B. had not prepared T.A.B.'s personal tax returns for six years; in violation of Title 18, United

States Code, Sections 1014 and 2.

## COUNT 18
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about January 31, 2006, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for

the purpose of influencing the action of Bank of America, an institution whose accounts were insured

by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY**

**SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly

purchase a residence at 1741 N.W. 187th Street, Miami, Florida, that she was the buyer of the

residence; that her monthly income was $18,166; and that the residence would be an "investment;"

when in truth and in fact, as  **GARRY SOUFFRANT** then and there well knew and believed, that

27

T.A.B. was not the true buyer of this residence; that her monthly income was not $18,166; and that this residence would not be an "investment;"; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 19
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about February 28, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 6032 S.W. 38th Street, Miramar, Florida, that she was the buyer of the residence; that her monthly income was $24,300; and that the residence would be an "investment"; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not $24,300; and that this residence would not be her "investment;" in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 20
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about February 28, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

28

**GARRY SOUFFRANT**,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for

the purpose of influencing the action of Wachovia Mortgage Corporation, an institution whose

accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in

that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a second mortgage

loan to purportedly purchase a residence at 6032 S.W. 38th Street, Miramar, Florida, that she was

the buyer of the residence; that her monthly income was $24,300; and that the residence would be

an "investment"; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew

and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not

$24,300; and that this residence would not be an "investment;" in violation of Title 18, United States

Code, Sections 1014 and 2.

**COUNT 21**
**False Statement to Mortgage Lender**
**18 U.S.C. §§ 1014 and 2**

On or about December 28, 2005, in Miami Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**GARRY SOUFFRANT**,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement to

Wachovia Mortgage Corporation, an institution whose accounts are insured by the Federal Deposit

Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused accountant

A.B. to prepare a document that falsely claimed that he had prepared the personal tax returns of

T.A.B. for six years, which document **GARRY SOUFFRANT** provided to Wachovia Mortgage

Corporation, in connection with T.A.B.'s application for a loan to purportedly purchase the residence

29

at 6032 S.W. 112 Avenue, Davie, Florida; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, accountant A.B. had not prepared T.A.B.'s personal tax returns for six years; in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT 22
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about August 14, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Bank of America, an institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 1525 S.W. 112th Avenue, Davie, Florida, that she was the buyer of the residence; that her monthly income was $29,000; and that she intended to make the residence her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not $29,000; and that she did not intend to make this residence her "primary residence;" in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT 23
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about November 27, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GARRY SOUFFRANT,**

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for

the purpose of influencing the action of Bank of America, an institution whose accounts were insured

by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY**

**SOUFFRANT** caused T.A.B. to falsely claim in an application for a mortgage loan to purportedly

purchase a residence at 7910 South Woodridge Dr., Parkland, Florida, that she was the buyer of the

residence; that her monthly income was $32,000; and that she intended to make the residence her

"primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew

and believed, that T.A.B. was not the true buyer of this residence; that her monthly income was not

$32,000; and that she did not intend to make this residence her "primary residence;" in violation of

Title 18, United States Code, Sections 1014 and 2.

**COUNT 24**
**Mail Fraud**
**18 U.S.C. §§1341 and 2**

On or about February 1, 2006, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**and**
**GAMALIEL SOUFFRANT,**

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that the pretenses, representations and promises were false

and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail

matter by a commercial, interstate mail carrier, according to the directions thereon.

### The Scheme and Artifice to Defraud

The **GARRY SOUFFRANT and GAMALIEL SOUFFRANT** devised a scheme and artifice to defraud County Trust Mortgage Bankers Corporation, by obtaining a mortgage loan from County Trust Mortgage Bankers Corporation for the refinance of a residence at 1248 N.W. 165th Avenue, Pembroke Pines, Florida by **GAMALIEL SOUFFRANT** as a nominee for **GARRY SOUFFRANT**, who caused the preparation and submission to County Trust Mortgage Bankers Corporation, of a loan application which **GARRY SOUFFRANT and GAMALIEL SOUFFRANT** knew contained false and fraudulent pretenses, representations, and promises, in that **GAMALIEL SOUFFRANT** falsely claimed that he was the buyer of this residence; that he was living in this residence; and that he intended to make this residence his "primary residence."

### USE OF THE COMMERCIAL INTERSTATE, MAIL CARRIER

On or about February 1, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT and GAMALIEL SOUFFRANT** did knowingly cause to be delivered by UPS, a commercial, interstate mail carrier, according to the direction thereon, a Uniform Residential Loan Application and a HUD-1 Settlement Statement, to Approved Home Lending in Miami, Florida, from Miami, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 25
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

On or about July 9, 2004, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial interstate mail carrier, according to the directions thereon.

### The Scheme and Artifice to Defraud

**GARRY SOUFFRANT** devised a scheme and artifice to defraud Guaranty Residential Leasing, Inc., by obtaining a mortgage loan from Guaranty Residential Leasing, Inc., for the purchase of a residence at 16540 N.W. 11th Court, Pembroke Pines, purportedly by M.St.P. as a nominee-buyer for **GARRY SOUFFRANT**, who caused the preparation and submission to Guaranty Residential Leasing, Inc., of loan application documents which **GARRY SOUFFRANT** knew contained false and fraudulent pretenses, representations, and promises, in that M.St.P. falsely claimed that she was the buyer of this residence; that she was employed by "M.D. Paralegal and Interpreter Services;" that she was a "Legal Consultant;" that she earned $15,505 per month; that she had two accounts with Bank of America containing $125,000 and $60,000; and that she intended to make this residence her "primary residence."

### USE OF THE COMMERCIAL INTERSTATE MAIL CARRIER

On or about July 8, 2004, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial interstate mail carrier, according to the directions

33

thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Guaranty Residential Leasing, Inc., in Austin, TX, from Broward County, FL; in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 26**
**False Statement to Mortgage Lender**
**18 U.S.C. §§1014 and 2**

On or about June 14, 2005, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**and**
**YVONNE SOUFFRANT**,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Fremont Investment and Loan, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT and YVONNE SOUFFRANT** caused E.J. to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 16540 N.W. 11th Court, Pembroke Pines, Florida, that E.J. was the buyer of this residence; that E.J. was employed by Best Medical Services of Miami; that she earned $12,352 per month; when in truth and in fact, as **GARRY SOUFFRANT and YVONNE SOUFFRANT** then and there well knew and believed, E.J. was not the true buyer of this residence; that she was not employed by Best Medical Services of Miami; and that she did not earn $12,352 per month; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 27
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about August 31, 2004, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly make a false statement for the purpose of influencing the action of Bank of America, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** falsely claimed in an application for a mortgage loan to purportedly purchase the residence at 7910 South Woodridge Dr., Parkland, Florida, that M. St. P. was the buyer of that residence; that she was employed by "M.D. Freelance Paralegal;" that she was a "legal consultant"; that she earned $20,742 per month; and that she intended to make this residence her "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, M. St. P. was not the true buyer of this residence; that she did not work for "MD Freelance Paralegal"; that she was not a "legal consultant"; that she did not earn $20,742 per month; and that she did not intend to make this residence her "primary residence;" in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 28
### False Statement to Mortgage Lender
### Title 18, U.S.C. §§ 1014 and 2

On or about August 30, 2004, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

35

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for

the purpose of influencing the action of Bank of America, and institution whose accounts were

insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY**

**SOUFFRANT**, caused Y.P. to falsely claim in a document called a "Gift Letter" that a third person

named B.L.-D. was "giving a gift of $52,000" to her "sister" M. St. P., "to apply towards the

purchase of this residence," in connection with the purported purchase of the residence at 7910 South

Woodridge Dr., Parkland, Florida, by M. St. P.; when in truth and in fact, as **GARRY**

**SOUFFRANT** then and there well knew and believed, B.L.-D. was "not gifting" any money towards

the purchase of this residence; and that B.L.-D was not M. St. P.'s sister; in violation of Title 18,

United States Code, Sections 1014 and 2.

## COUNT 29
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about July 15, 2005, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

### GARRY SOUFFRANT,
### and
### YVONNE SOUFFRANT,

did knowingly make a false statement for the purpose of influencing the action of Bank of America,

whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a

loan, in that **YVONNE SOUFFRANT** falsely claimed in an application for a mortgage loan to

refinance the residence at 7910 South Woodridge Dr., Parkland, Florida, that she was employed by

"Progressive"; that her job title was "Director of Operations;" that she earned $21,635 per month;

36

and that she intended to make this residence her "primary residence"; when in truth and in fact, as

**GARRY SOUFFRANT and YVONNE SOUFFRANT** then and there well knew and believed, she

was not employed by "Progressive;" that her job title was not "Director of Operations;" that she did

not earn $21,635 per month; and that she did not intend to make this residence her "primary

residence"; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 30
### Mail Fraud
### 18 U.S.C. §§1341 and 2

Beginning on or about February 5, 2004, and continuing through 2008, in Broward County,

in the Southern District of Florida and elsewhere, the defendants,

### GARRY SOUFFRANT,
### and,
### YVONNE SOUFFRANT,

knowingly and with intent to defraud, did devise a scheme and artifice to defraud, and to obtain

money and property by means of materially false and fraudulent pretenses, representations, and

promises, knowing that the pretenses, representations, and promises were false and fraudulent when

made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a

commercial, interstate mail carrier according to the directions there.

### THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT and YVONNE SOUFFRANT** devised a scheme and artifice to

defraud by obtaining a mortgage loan from National City Mortgage Company for the purchase of a

residence at 16254 S.W. 15th Street, Pembroke Pines, Florida by **YVONNE SOUFFRANT**.

**GARRY SOUFFRANT and YVONNE SOUFFRANT** prepared and submitted to National City

Mortgage Company, loan application documents, which **GARRY SOUFFRANT and YVONNE**

SOUFFRANT knew contained false and fraudulent pretenses, representations and promises, in that YVONNE SOUFFRANT falsely claimed that she was employed by BPG Enterprises; that she earned $19,350 per month; and that she intended to make this residence her "primary residence."

### USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

On or about February 5, 2004, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, GARRY SOUFFRANT and YVONNE SOUFFRANT knowingly caused to be delivered by FedEx, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to National City Mortgage Company in Miamisburg, Ohio, from Broward County, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 31
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

On or about May 19, 2004, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### GARRY SOUFFRANT,
### and,
### YVONNE SOUFFRANT,

knowingly and with intent to defraud, did devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier according to the directions thereon.

## THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT and YVONNE SOUFFRANT** devised a scheme and artifice to defraud National City Mortgage Company by obtaining a mortgage loan from National City Mortgage Company for the purchase of a residence at 16254 S.W. 15th Street, Pembroke Pines, Florida, by C.T., whose true identity is known to the Grand Jury. **GARRY SOUFFRANT** prepared and submitted to National City Mortgage Company loan application documents which **GARRY SOUFFRANT** knew contained false and fraudulent pretenses, representations, and promises, in that **GARRY SOUFFRANT** claimed that C.T. worked for BPG Enterprises; that he earned $10,202 per month working for BPG Enterprises; and that he had $119,098 in a bank account.

## USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

On or about May 19, 2004, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** knowingly caused to be delivered by FedEx, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to National City Mortgage Company in Miamisburg, Ohio, from Broward County, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 32
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

On or about July 20, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

39

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

## THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT** devised a scheme and artifice to defraud HSBC Mortgage Corporation, by obtaining a mortgage loan from HSBC Mortgage Corporation for the purchase of a residence at 2961 N.E. 185 Street, Unit 1614, Aventura, Florida, by T.R. as a nominee-buyer for **GARRY SOUFFRANT**, who caused the preparation and submission to HSBC Mortgage Corporation of a loan application which **GARRY SOUFFRANT** knew contained false and fraudulent pretenses, representations, and promises, in that T.R. falsely claimed that she was the buyer of this residence; that she earned $11,764.20 per month; that she had made a $75,000 cash deposit towards the purchase of this residence; and that she intended to make this residence her "primary residence."

## USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

On or about July 20, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application and a HUD-1 Settlement Statement, to HSBC

40

Mortgage Corporation in Depew, New York, from Miami, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 33
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about September 25, 2006, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of World Savings Bank, whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused J.D., whose true identity is known to the Grand Jury, to falsely claim in an application for a mortgage loan to purchase a residence at 18830 N.W. 11th Avenue, Miami, Florida, that he earned $8,200 per month; that T.A.B. was the seller of this residence; when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, that J.D. did not earn $8,200 per month; and that T.A.B. was not the true seller of this residence; in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 34
### Mail Fraud
### 18 U.S.C. §§1341 and 2

On or about June 7, 2005, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### GARRY SOUFFRANT,
### and

41

### YVONNE SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

### THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT and YVONNE SOUFFRANT** devised a scheme and artifice to defraud Sky Investments, Inc., d/b/a North Star Lending, by obtaining a mortgage loan from Sky Investments, Inc., d/b/a North Star Lending, for the purchase of a residence at 1828 N.W. 140th Terrace, Pembroke Pines, Florida. **GARRY SOUFFRANT and YVONNE SOUFFRANT** prepared and submitted a loan application which **GARRY SOUFFRANT and YVONNE SOUFFRANT** knew contained false and fraudulent pretenses, representations, and promises, in that **YVONNE SOUFFRANT** falsely claimed that she was the President of PREB; that she had worked for PREB for four years; that she earned $9,500 per month working for PREB; that she received $4,250 per month of rental income derived from renting the residence at 2264 S.W. 117th Avenue, Miramar, Florida; and that this residence would be her "primary residence."

### USE OF THE COMMERCIAL INTERSTATE, MAIL CARRIER

On or about June 7, 2005, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT and YVONNE SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial, interstate mail carrier,

according to the directions thereon, a Uniform Residential Loan Application and a HUD-1 Settlement Statement, to Sky Investment, Inc., d/b/a North Star Lending, in Sugarland, Texas, from Miami, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 35
### Mail Fraud
### 18 U.S.C. §§1341 and 2

On or about June 13, 2006, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier according to the directions there.

### THE SCHEME AND ARTIFICE TO DEFRAUD

**GARRY SOUFFRANT** devised a scheme and artifice to defraud by obtaining a mortgage loan from Tower Mortgage and Financial Services for the purchase of a residence at 3802 W. Lake Estates Dr., Davie, Florida, purportedly by F.F., whose true identity is known to the Grand Jury. **GARRY SOUFFRANT** prepared and submitted to Tower Mortgage and Financial Services loan application documents, which **GARRY SOUFFRANT** knew contained false and fraudulent pretenses, representations and promises, in that F.F. falsely claimed that she was the buyer of this residence; and that she intended to make this residence her "primary residence."

43

## USE OF THE COMMERCIAL INTERSTATE MAIL, CARRIER

On or about June 13, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** knowingly caused to be delivered by FedEx, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Tower Mortgage and Financial Services in Rockville, Maryland, from Miami-Dade County, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 36
### False Statement to Mortgage Lender
### 18 U.S.C. §§ 1014 and 2

On or about January 22, 2007, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of Bank of America , whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that **GARRY SOUFFRANT** caused J.M. to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 16182 S.W. 15th Street, Pembroke Pines, Florida, that he was the buyer of this residence; that he earned $20,000 per month; that he had $71,000 in several bank accounts; and that he intended to make this residence his "secondary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, J.M. was not the true buyer of this residence; that he did not

44

have $71,000 in several bank accounts; and that he did not intend to make this residence his "secondary residence;" in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 37
### False Statement to Mortgage Lender
### 18 U.S.C. §§1014 and 2

On or about January 7, 2008, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly aid, abet, counsel, command, induce, and procure the making of a false statement for the purpose of influencing the action of JP Morgan Chase Bank, whose accounts were insured by the Federal Deposit Insurance Corporation, in that **GARRY SOUFFRANT** caused W.E., whose true identity is known to the Grand Jury, to falsely claim in an application for a mortgage loan to purportedly purchase a residence at 3201 Collins Avenue, Unit 2005, Miami Beach, Florida, that he was the buyer of this residence; and that he earned $44,118.35 per month; and that he intended to make this residence his "primary residence;" when in truth and in fact, as **GARRY SOUFFRANT** then and there well knew and believed, W.E. was not the true buyer of this residence; and that he did not earn $44,118.35 per month; and that he did not intend to make this residence his "primary residence;" in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 38
### Bank Fraud
### 18 U.S.C. §§ 1344 and 2

From on or about November 1, 2005, and continuing through 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly, and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud Wachovia Mortgage Corporation, a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds owned by, and under the custody or control of Wachovia Mortgage Corporation by means of materially false, fraudulent pretenses, representations, and promises.

It was a part of the scheme and artifice that **GARRY SOUFFRANT** would prepare, and caused to be prepared, and submit and cause to be submitted, to Wachovia Mortgage Corporation, a Uniform Residential Loan Application by Stacey Maycock, who was purportedly purchasing the residence at 16711 N.W. 79th Avenue, Miami Lakes, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Counts 10 and 11 of this Indictment.

It was further a part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from Wachovia Mortgage Corporation to pay off the seller's existing mortgage on the residence at 16711 N.W. 79th Avenue, Miami Lakes, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT**, **YVONNE SOUFFRANT**, **GAMALIEL SOUFFRANT**, a/k/a Neal, and **PREB**.

On or about November 16, 2005, in Miami-Dade County, in the Southern District of Florida, **GARRY SOUFFRANT** executed, and attempted to execute, the scheme and artifice to defraud, as set forth above, in that **GARRY SOUFFRANT** caused closing attorney T.A.B. to wire-transfer $10,000 from her escrow account to **PROGRESSIVE REAL ESTATE, INC**.

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

46

## COUNT 39
## Mail Fraud
## 18 U.S.C. §§ 1341 and 2

On or about June 6, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

## GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

### The Scheme and Artifice to Defraud

**GARRY SOUFFRANT** devised a scheme and artifice to defraud Provident Funding Group, by causing to be prepared and submitted to Provident Funding Group a Uniform Residential Loan Application by Lathosha Alexander, who was purportedly purchasing the residence at 2264 S.W. 117th Avenue, Miramar, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 9 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from Provident Funding Group to pay-off the seller's existing mortgage on the residence at 2264 S.W. 117th Avenue, Miramar, Florida, but instead to divert those loan proceeds to the personal use and benefit of

47

GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT, a/k/a Neal, and

PREB.

## USE OF COMMERCIAL, INTERSTATE MAIL CARRIER

On or about June 6, 2006, for the purpose of executing the aforesaid scheme and artifice to

defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, and attempting to do so, **GARRY SOUFFRANT** did knowingly

cause to be delivered by FedEx, a commercial interstate mail carrier, according to the directions

thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Provident

Funding Group in Maitland, Florida, from Miami, Florida; in violation of Title 18, United States

Code, Sections 1341 and 2.

## COUNT 40
### Mail Fraud
### 18 U.S.C. §§ 1341 and 2

From on or about June 15, 2006, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that the pretenses, representations and promises were false

and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail

matter by a commercial, interstate mail carrier, according to the directions thereon.

**The Scheme and Artifice to Defraud**

**GARRY SOUFFRANT** devised a scheme and artifice to defraud Tower Mortgage and Financial Services, by causing to be prepared and submitted to Tower Mortgage and Financial Services, a Uniform Residential Loan Application by F.F., who was purportedly purchasing the residence at 3802 W. Lake Estates Dr., Davie, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 35 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from Tower Mortgage and Financial Services to pay-off the seller's existing mortgage on the residence at 3802 W. Lake Estates Drive, Davie, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT**, **YVONNE SOUFFRANT**, **GAMALIEL SOUFFRANT**, a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**.

USE OF COMMERCIAL, INTERSTATE MAIL, CARRIER

On or about June 15, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial interstate, mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Tower Mortgage and Financial Services in Rockville, Maryland, from Miami, Florida; in violation of Title 18, United States Code, Section 1341 and 2.

49

## COUNT 41
## Mail Fraud
## 18 U.S.C. §§ 1341 and 2

On or about July 26, 2006, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

## GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

### The Scheme and Artifice to Defraud

**GARRY SOUFFRANT** devised a scheme and artifice to defraud HSBC Mortgage Corporation by causing to be prepared and submitted to HSBC Mortgage Corporation a Uniform Residential Loan Application by T.R., who was purportedly purchasing the residence at 2961 N.E. 18th Street, Unit 1614, Aventura, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 32 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from HSBC Mortgage Corporation to pay-off the seller's existing mortgage on the residence at 2961 N.E. 185th Street, Unit 1614, Aventura, Florida, but instead to divert those loan proceeds to the personal use and benefit of

**GARRY SOUFFRANT**, **YVONNE SOUFFRANT**, **GAMALIEL SOUFFRANT**, a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**.

### USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

On or about July 26, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** did knowingly cause to be delivered by FedEx, a commercial interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to HSBS Mortgage Corporation in Depew, New York, from Miami, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 42
### Bank Fraud
### 18 U.S.C. §§ 1344 and 2

From on or about September 25, 2006, and continuing through 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud World Savings Bank, a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds owned by, and under the custody or control of World Savings Bank, by means of materially false, fraudulent pretenses, representations, and promises.

It was a part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would prepare, and cause to be prepared and submit, and cause to be submitted, to World Savings Bank,

a Uniform Residential Loan Application by J.D., who was purchasing the residence at 18830 N.W. 11th Avenue, Miami, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 33 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from World Savings Bank to pay-off the seller's existing mortgage on the residence at 18830 N.W. 11th Avenue, Miami, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT,** a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**.

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, **GARRY SOUFFRANT** executed, and attempted to execute, the scheme and artifice to defraud, as set forth above, in that **GARRY SOUFFRANT** caused closing attorney T.A.B. to wire-transfer $180,000 from her escrow account to **GAMALIEL SOUFFRANT, a/k/a Neal**.

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

### COUNT 43
### Bank Fraud
### 18 U.S.C. §§1344 and 2

From on or about November 29, 2006, and continuing through 2008, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud Wachovia Mortgage Corporation, a financial institution whose accounts were insured by

the Federal Deposit Insurance Corporation, and to obtain moneys and funds owned by, and under the custody or control of Wachovia Mortgage Corporation, by means of materially false, fraudulent pretenses, representations, and promises.

It was a part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would prepare, and cause to be prepared, and submit, and cause to be submitted, to Wachovia Mortgage Corporation, a Uniform Residential Loan Application by Lathosha Alexander, who was purportedly purchasing the residence at 13681 S.W. 51st Street, Miramar, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 8 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from Wachovia Mortgage Corporation to pay-off the seller's existing mortgage on the residence at 13681 S.W. 51st Street, Miramar, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT,** a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**

On or about December 8, 2006, in Miami-Dade County, in the Southern District of Florida, **GARRY SOUFFRANT** executed, and attempted to execute, the scheme and artifice to defraud, as set forth above, in that **GARRY SOUFFRANT** caused closing attorney T.A.B. to wire-transfer $56,522.22, from her escrow account to **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**

All in violation of Title 18, United States Code, Sections 1344(1) and (2) and 2.

## COUNT 44
### Bank Fraud
### 18 U.S.C. §§1344 and 2

From on or about January 22, 2007, and continuing through 2008, in Broward County, in the

Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to

defraud Bank of America, a financial institution whose accounts were insured by the Federal

Deposit Insurance Corporation, and to obtain moneys and funds owned by, and under the custody

or control of Bank of America, by means of materially false, fraudulent pretenses, representations,

and promises.

It was a part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would

prepare, and cause to be prepared, and submit, and cause to be submitted, to Bank of America, a

Uniform Residential Loan Application by J.M., who was purportedly purchasing the residence at

16182 S.W. 15th Street, Pembroke Pines, Florida, and which Uniform Residential Loan Application

**GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises,

as alleged in Count 36 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT**

would direct closing attorney T.A.B. to not comply with closing instructions from Bank of America

to pay-off the seller's existing mortgage on the residence at 16182 S.W. 15th Street, Pembroke Pines,

FL, but instead to divert those loan proceeds to the personal use and benefit of **GARRY**

**SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT,** a/k/a Neal, and

**PROGRESSIVE REAL ESTATE OF BROWARD, INC.**

54

On or about January 23, 2007, in Miami-Dade County, in the Southern District of Florida, **GARRY SOUFFRANT** executed, and attempted to execute, the scheme and artifice to defraud, as set forth above, in that **GARRY SOUFFRANT** caused closing attorney T.A.B. to wire-transfer $100,000 from her escrow account to A. Septic, Inc.

All in violation of Title 18, United States Code. Sections 1344(1) and (2), and 2.

## COUNT 45
### Bank Fraud
### 18 U.S.C. §§1344 and 2

From on or about January 7, 2006, and continuing through 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud JP Morgan Chase Bank, a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds owned by, and under the custody or control of JP Morgan Chase Bank, by means of materially false, fraudulent pretenses, representations, and promises.

It was a part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would prepare, and cause to be prepared, and submit, and cause to be submitted, to JP Morgan Chase Bank, a Uniform Residential Loan Application by W.E., who was purportedly purchasing the residence at 3801 Collins Avenue, Unit 2005, Miami Beach, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 37 of this Indictment.

It was further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from JP Morgan Chase Bank to pay-off the seller's existing mortgage on the residence at 3801 Collins Avenue, Unit 2005, Miami Beach, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT,** a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**.

On or about February 1, 2008, in Miami-Dade County in the Southern District of Florida, **GARRY SOUFFRANT** executed, and attempted to execute, the scheme and artifice to defraud, as set forth above, in that **GARRY SOUFFRANT** caused closing attorney T.A.B. to wire transfer $282,975 from her escrow account to A. Septic, Inc.

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

**COUNT 46**
**Mail Fraud**
**18 U.S.C. §§ 1341 and 2**

On or about May 19, 2004, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
and,
**YVONNE SOUFFRANT,**

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

56

### The Scheme and Artifice to Defraud

GARRY SOUFFRANT and YVONNE SOUFFRANT devised a scheme and artifice to defraud National City Mortgage Company by preparing and submitting to National City Mortgage Company a Uniform Residential Loan Application by C.T., who was purchasing the residence at 16254 S.W. 15th Street, Pembroke Pines, Florida, and which Uniform Residential Loan Application GARRY SOUFFRANT and YVONNE SOUFFRANT knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 31 of this Indictment.

It was further part of the scheme and artifice to defraud that GARRY SOUFFRANT and YVONNE SOUFFRANT would direct closing attorney T.A.B. to not comply with closing instructions from National City Mortgage Company to pay-off the seller's existing mortgage on the residence at 16254 S.W. 15th Street, Pembroke Pines, Florida, but instead to divert those loan proceeds to the personal use and benefit of GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT, a/k/a Neal, and PROGRESSIVE REAL ESTATE OF BROWARD, INC..

### USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

On or about May 19, 2004, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, GARRY SOUFFRANT, and YVONNE SOUFFRANT, did knowingly cause to be delivered by FedEx, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to National City Mortgage Company in Miamisburg, Ohio, from Broward County, Florida; in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 47**
**Mail Fraud**
**18 U.S.C. §§1341 and 2**

On or about February 1, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
and,
**GAMALIEL SOUFFRANT,**

knowingly and with intent to defraud, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by a commercial, interstate mail carrier, according to the directions thereon.

**The Scheme and Artifice to Defraud**

**GARRY SOUFFRANT and GAMALIEL SOUFFRANT** devised a scheme and artifice to defraud County Trust Mortgage Bankers Corporation by preparing and submitting to County Trust Mortgage Bankers Corporation a Uniform Residential Loan Application by **GAMALIEL SOUFFRANT,** who was purportedly refinancing the residence at 1248 N.W. 165th Avenue, Pembroke Pines, Florida, and which Uniform Residential Loan Application **GARRY SOUFFRANT and GAMALIEL SOUFFRANT** knew contained false, fraudulent pretenses, representations, and promises, as alleged in Count 24 of this Indictment.

It was a further part of the scheme and artifice to defraud that **GARRY SOUFFRANT** would direct closing attorney T.A.B. to not comply with closing instructions from County Trust Mortgage Bankers Corporation to pay-off the seller's existing mortgage on the residence at 1248

58

N.W. 165th Avenue, Pembroke Pines, Florida, but instead to divert those loan proceeds to the personal use and benefit of **GARRY SOUFFRANT, YVONNE SOUFFRANT, GAMALIEL SOUFFRANT**, a/k/a Neal, and **PROGRESSIVE REAL ESTATE OF BROWARD, INC.**

### USE OF THE COMMERCIAL, INTERSTATE MAIL CARRIER

4.     On or about February 1, 2006, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, **GARRY SOUFFRANT** and **GAMALIEL SOUFFRANT** did knowingly cause to be delivered by UPS, a commercial, interstate mail carrier, according to the directions thereon, a Uniform Residential Loan Application, and a HUD-1 Settlement Statement, to Approved Home Lending in Miami, Florida from Miami, Florida; in violation of Title 18, United States Code, Section 1341 and 2.

### COUNT 48
### Stealing Bank Funds
### 18 U.S.C. §§2113(b) and 2

On or about June 15, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly take and carry away with the intent to steal and purloin approximately $525,594 of money belonging to and in the care, custody, control, management and possession of Horizon Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Sections 2113(b) and 2.

### COUNT 49
**Stealing Bank Funds**
**18 U.S.C. §§2113(b) and 12**

On or about October 10, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GARRY SOUFFRANT**,

did knowingly take and carry away with the intent to steal and purloin approximately $210,000 of money belonging to and in the care, custody, control, management and possession of World Savings Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Sections 2113(b) and 2.

### COUNT 50
**Stealing Bank Funds**
**18 U.S.C. §§2113(b) and 2**

On or about December 8, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GARRY SOUFFRANT**,

did knowingly take and carry away with the intent to steal and purloin approximately $343,522 of money belonging to and in the care, custody, control, management and possession of Wachovia Mortgage Corporation, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Sections 2113(b) and 2.

60

## COUNT 51
### Stealing Bank Funds
### 18 U.S.C. §§2113(b) and 2

On or about January 23, 2007, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly take and carry away with the intent to steal and purloin approximately $319,496 of money belonging to and in the care, custody, control, management and possession of Bank of America, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Sections 2113(b) and 2.

## COUNT 52
### Stealing Bank Funds
### 18 U.S.C. §§2113(b) and 2

On or about January 8, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly take and carry away with the intent to steal and purloin approximately $985,191 of money belonging to and in the care, custody, control, management and possession of JP Morgan Chase Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Sections 2113(b) and 2.

## COUNT 53
### Stealing Bank Funds
### 18 U.S.C. §§2113(b) and 2

On or about November 16, 2005, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

61

**GARRY SOUFFRANT,**

did knowingly take and carry away with the intent to steal and purloin approximately $364,417 of money belonging to and in the care, custody, control, management, and possession of Wachovia Mortgage Corporation, a bank whose deposits were insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(b) and 2.

## COUNT 54
### Receipt of Stolen Bank Funds
### 18 U.S.C. §§2113(c) and 2

On or about November 1, 2005, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $364,417 of money which had been taken and carried away, with the intent to steal and purloin, from the care, custody, control, management and possession of Wachovia Mortgage Corporation, the deposits of which were insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away, knowing said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c) and 2.

## COUNT 55
### Receipt of Stolen Bank Funds
### 18 U.S.C. §§2113(c) and 2

On or about June 13, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**YVONNE SOUFFRANT,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $525,594

of money which had been taken and carried away, with the intent to steal and purloin, from the care,

custody, control, management and possession of Horizon Bank, the deposits of which were insured

by the Federal Deposit Insurance Corporation at the time of such taking and carrying away, knowing

said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c) and 2.

### COUNT 56
### Receipt of Stolen Bank Funds
### 18 U.S.C. §§2113(c) and 2

On or about September 25, 2006, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**GAMALIEL SOUFFRANT, a/k/a Neal,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $210,000

of money which had been taken and carried away, with the intent to steal and purloin, from the care,

custody, control, management and possession of World Savings Bank, the deposits of which were

insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away,

knowing said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c)

and 2.

### COUNT 57
**Receipt of Stolen Bank Funds**
**18 U.S.C. §§2113(c) and 2**

On or about November 29, 2006, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $343,522 of money which had been taken and carried away, with the intent to steal and purloin, from the care, custody, control, management and possession of Wachovia Mortgage Corporation, the deposits of which were insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away, knowing said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c) and 2.

### COUNT 58
**Receipt of Stolen Bank Funds**
**18 U.S.C. §§2113(c) and 2**

On or about January 22, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**GARRY SOUFFRANT,**
**and**
**PROGRESSIVE REAL ESTATE OF BROWARD, INC.,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $319,496 of money which had been taken and carried away, with the intent to steal and purloin, from the care, custody, control, management and possession of Bank of America, the deposits of which were insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away,

64

knowing said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c) and 2.

## COUNT 59
### Receipt of Stolen Bank Funds
### 18 U.S.C. §§2113(c) and 2

On or about January 8, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GARRY SOUFFRANT,

did knowingly receive, possess, conceal, store, barter, sell, and dispose of approximately $859,191 of money which had been taken and carried away, with the intent to steal and purloin, from the care, custody, control, management and possession of JP Morgan Chase Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation at the time of such taking and carrying away, knowing said money had been stolen; in violation of Title 18, United States Code, Sections 2113(c) and 2.

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

1.      The general allegations and the allegations in Counts 1-59 of this Indictment are realleged and incorporated by this reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Sections 1014, 1341, or 1344, the defendants shall forfeit to the United States any real or personal property, that

65

constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(2).

3.    Upon conviction of any violation of Title 18, United States Code, Section 1956(h), the defendants shall forfeit to the United States any real or personal property, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.    Upon conviction of any violation of Title 21, United States Code, Section 846, the defendants shall forfeit to the United States any property constituting or derived from proceeds the defendants obtained as a result of such violations, and any property which the defendants used or intended to be used to commit or facilitate the commission of such violations, pursuant to Title 21, United States Code, Section 853.

5.    The property which is subject to forfeiture includes but is not limited to the following:

a.    One piece of real property located at 1535 S.W. 112th Avenue, Davie, Florida and is more particularly described as:

> The Southeast 1/4 of Tract 2, Section 13, LESS AND EXCEPT the East 356.35 feet thereof (as measured at right angles from the East Line of said Section 13), Township 50 South, Range 40 East, FLORIDA FRUIT LANDS COMPANY'S SUBDIVISION No. 1, according to the Plat thereof, as recorded in Plat Book 2, Page 17, of the Public Records of the Miami-Dade County, Florida; said lands situate lying and being in Broward County, Florida.

b.    One piece of real property located at 16540 N.W. 11th Court, Pembroke Pines, Florida and is more particularly described as:

> Lot 606, spring valley, phase III commence at the southwest corner of said westfork I plat; thence n 01'45"52" W, along the west line of said westfork 1plat, a distance of 2538.28 feet; thence continue along said west line n 01 "45'35" W, a distance of 584.33 feet; thence N 88"13'25" E, a distance of 442.01 feet, to the point of beginning; thence n 01"46'35" W, a distance of 130.00 feet; thence n 88"13'25" E, a distance of 43.76 feet; to the beginning

66

of a curve, concave northerly, having a radius of 120.00 feet and a central angle of 12"13'11", thence easterly along the arc of said curve to the left, a distance of 25.59 feet, said arc subtended by a chord which rears n 82"06'49 " E, a distance of 25.54 feet to the point cf intersection with a non-tangent line; then CE S 13"59'46"E, a distance of 130.00 feet; to a point of intersection with a non-tangent curve, concave northerly, having a radius of 250.00 feet and a central angle of 12"13'11", thence westerly along the arc of said curve to the right, from which the local tangent at the beginning point bears s 76"00'14" W, a distance of 53.32 feet, said arc subtended by a chord which bears s 82"06'49" W, a distance of 53.22 feet to the curve's end; thence s 88" 13'25"W, a distance of 43.76 feet; to the point of beginning. Containing 10818 square feet of land, more or less.

c.      One piece of real property located at 16254 S.W. 15 Street, Pembroke Pines, Florida and is more particularly described as:
          Lot 10, Block 14, of Heftler Homes at Pembroke Shores, according to the Plat thereof, as recorded in Plat Book 159, at Page 9, of the Public Records of Broward County, Florida.

d.      One piece of real property located at 16182 S.W. 15th Street, Pembroke Pines, Florida and is more particularly described as:
          Lot 15, Block 14, of Heftler Homes at Pembroke Shores, according to the Plat thereof, as recorded in Plat Book 159, Page 9, of the Public Records of Broward County, Florida.

e.      One piece of real property located at 3802 W. Lake Estates Drive, Davie, Florida and is more particularly described as:
          Lot 61, A portion of parcel 'C' of Rolling Hills Golf and Tennis Club, according to the plat thereof, as recorded in Plat Book 81, Page 27, of the Public Records of Broward County, Florida.

f.      One piece of real property located at 3801 Collins Avenue, Unit #2005, Miami Beach, Florida and is more particularly described as:
          Unit 2005, of Mosiac on Miami Beach, a Condominium according to the Declaration of Condominium thereof, as recorded in Official Records Book 25210, Page 3819, and subsequent amendments thereto, of the Public Records of Miami-Dade County, Florida.

g.      One piece of real property located at 1248 N.W. 165th Avenue, Pembroke Pines, Florida and is more particularly described as:
          Lot 721, Spring Valley, Phase III, a portion of Westfork I PLAT as recorded In Plat Book 150, Page 43 of the Public Records of Broward County, Florida.

h.      One piece of real property located at 1290 N.W. 166th Avenue, Pembroke Pines,

Florida and is more particularly described as:

> Lot 618, Spring Valley, Phase III, a portion of Westfork I Plat as recorded in Plat Book 150, Page 43, of the Public Records of Broward County, Florida.

i.   One piece of real property located at 3953 Lost Oak Dr., Buford, Georgia and is more particularly described as:

> All that tract or parcel of land lying and being in land lots 221 and 228, 7th District, Gwinnett County, Georgia, being Lot 21, Block B, Bogans Bridge crossing, Unit 1, Ivy Oaks Subdivision, as per Plat recorded in Plat Book 65, Page 125, Gwinnett County, Georgia, Records which Plat is hereby referred to and made a part of this description.

j.   One piece of real property located at Highway 80, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

> All that tract or parcel of land situate, lying and being in the City of Jeffersonville and in the 26th Land District of Twiggs County, Georgia, and being more particularly described as follows:
>
> Tract I: 64.10 acres, more or less, shown as Parcel 1on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the Clerk's Office of Twiggs County Superior Court.  The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

k.   One piece of real property located at Shannon Drive, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

> All that tract or parcel of land situate, lying and being in the City of Jeffersonville and in the 26th Land District of Twiggs County, Georgia, and being more particularly described as follows:
>
> Tract II: 101.84 acres, more or less, shown as Parcel 2 on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the Clerk's Office of Twiggs County Superior Court.  The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

l.   One piece of real property located at Cedar Lane, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

> Tract III: 0.29 acres, more or less, shown as Parcel 3 on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the Clerk's Office of Twiggs County Superior Court.  The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

m.   One piece of real property located at Cedar Lane, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

Tract IV: .22 acres, more or less, shown as Parcel 4 on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the clerks Office of Twiggs County Superior Court.  The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

n.   One piece of real property located at Cedar Lane, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

Tract V: 4.23 acres, more or less, shown as Parcel 5 on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the Clerk's Office of Twiggs County Superior Court.  The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

o.   One piece of real property located at Shannon Drive, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

Tract VI: All that tract or parcel of land situate, lying and being in the City of Jeffersonville and in the 26th Land District of Twiggs County, Georgia, and being more particularly described as follows: 6.76 acres, more or less, shown as Parcel 6 on a plat of survey prepared by T. Jerry Peacock, Sr., Registered Land Surveyor, dated April 29, 2004, and recorded in Plat Book 10, Page 594, in the records of the Clerk's Office of Twiggs County Superior Court. The angles, distances and dimensions as shown on said plat are by reference incorporated herein and made a part of this description.

p.   One piece of real property located at Highway 96 West, Jeffersonville, Twiggs County, Georgia and is more particularly described as:

Tract VII: All that tract or parcel of land lying and being in Land Lot 17 of the 26th Land District of Twiggs County, GA, consisting of 2.77 acres, more or less, and being more particularly described and identified on a plat of survey for Free-Will Holding, LLC by T. Jerry Peacock, Sr., GRLS No. 2132, dated August 9, 2004, and recorded in Plat Book 11, Page 15, Clerk's Office, Twiggs County Superior Court.  Said plat is incorporated herein by reference as a part of this description and reference thereto is made for all purposes.

q.   United States currency in the amount of $7,000,000.

6.   Pursuant to Title, 21 Untied States Code, Section 853(p), as incorporated by reference

by Title 18, United States Code, Section 982(b), if the property described above as being subject to

69

forfeiture, as a result of any act or omission of the defendants,

  (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with a third party;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without

difficulty;

It is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and, in addition, to require the defendant to return any such property to the jurisdiction of the Court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(2) and the procedures outlined in Title 21, United States Code, Section 853.

       A TRUE BILL

       FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

MICHAEL PATRICK SULLIVAN
ASSISTANT UNITED STATES ATTORNEY

TODD MESTEPEY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GARRY SOUFFRANT, YVONNE SOUFFRANT,
GAMALIEL SOUFFRANT, a/k/a Neal, and
PROGRESSIVE REAL ESTATE OF BROWARD, INC.

Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

X  Miami ____ Key West
____ FTL ____ WPB ____ FTP

New Defendant(s)           Yes _____ No _____
Number of New Defendants   _____
Total number of counts     _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     __No__
   List language and/or dialect     _____

4. This case will take ___61___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days       _____           Petty    _____
   II   6 to 10 days      _____           Minor    _____
   III  11 to 20 days     _____           Misdem.  _____
   IV   21 to 60 days     _____           Felony   __X____
   V    61 days and over  __X____

6. Has this case been previously filed in this District Court? (Yes or No)     __No____
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     _____
   If yes:
   Magistrate Case No.     _____
   Related Miscellaneous numbers:     _____
   Defendant(s) in federal custody as of     _____
   Defendant(s) in state custody as of     _____
   Rule 20 from the _____     District of _____

   Is this a potential death penalty case? (Yes or No)     __No___

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes __X____ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes __X____ No

_____
MICHAEL P. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 134814

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: Garry Souffrant

**Case No**:

Count #: 1

 Conspiracy to make false statements to FDIC-insured lenders, mail fraud, bank fraud, stealing
bank funds, receipt of stolen funds

 18 U.S.C. Section 371

**\* Max. Penalty**:      5       years  imprisonment

Count #: 2

 Conspiracy to launder illegal proceeds

 18 U.S.C. Section 1956(h)

**\*Max. Penalty:** 20    years  imprisonment

Count #: 3

 Conspiracy to possess with intent to distribute cocaine

 21 U.S.C. Section 846

**\*Max. Penalty:**  Life imprisonment

Counts #: 4-18; 10-23; 26-29; 33; 36-37

 False statement to Mortgage Lender

 18 U.S.C. 1014

**\*Max. Penalty:** 30 years  imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Garry Souffrant

**Case No**:

Counts #: 9; 24-25; 30-32; 34-35; 39-41; 46-47

 Mail fraud

 18 U.S.C. Section 1341

**\* Max. Penalty**:        20        years  imprisonment

Counts  #: 38; 42-45

 Bank fraud

 18 U.S.C. Section 1344

**\*Max. Penalty:** 30      years  imprisonment

Counts  #: 48-53

 Stealing bank funds

 18 U.S.C. Section 2113(b)

**\*Max. Penalty:**    10  years  imprisonment

Counts  #: 54-59

 Receipt of stolen bank funds

 18 U.S.C. 2113 (c)

**\*Max. Penalty:**    10       years  imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: Yvonne Souffrant

**Case No**:

Count #: 1

 Conspiracy to make false statements to FDIC-insured lenders, mail fraud, bank fraud, stealing bank funds, receipts of stolen funds

 18 U.S.C. Section 371

**\* Max.Penalty**:      5      years  imprisonment

Count #: 2

 Conspiracy to launder illegal proceeds

 18 U.S.C. Section 1956(h)

**\*Max. Penalty:** 20     years imprisonment

Counts #: 9; 30-31; 34; 46

 Mail fraud

 18 U.S.C. Section 1341

**\*Max. Penalty:** 20     years  imprisonment

Counts #:26; 29

 False statement to Mortgage Lender

 18 U.S.C. 1014

**\*Max. Penalty:** 30 years  imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>Yvonne Souffrant</u>

**Case No**:

Count #: 55

 <u>Receipt of stolen bank funds</u>

 <u>18 U.S.C. Section 2113(c)</u>

**\* Max. Penalty**:        10       years  imprisonment

Count  #:

_____

_____

**\*Max. Penalty:**

Count  #:

_____

_____

**\*Max. Penalty:**

Count  #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Gamaliel Souffrant

**Case No**:

Count #: 1

 Conspiracy to make false statements to FDIC-insured lenders, mail fraud, bank fraud, stealing bank funds, receipt of stolen funds

 18 U.S.C. Section 371

**\* Max.Penalty**:      5  years  imprisonment

Count #: 2

 Conspiracy to launder illegal proceeds

 18 U.S.C. Section 1956(h)

**\*Max. Penalty:**  20   years  imprisonment

Count #: 24, 47

 Mail fraud

 18 U.S.C. Section 1341

**\*Max. Penalty:** 20    years  imprisonment

Counts #: 55-56

 Receipt of stolen bank funds

 18 U.S.C. 2113

**\*Max. Penalty:** 10 years  imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Progressive Real Estate of Broward, Inc.,

**Case No**:

Count #: 1

Conspiracy to make false statements to FDIC-insured lenders, mail fraud, bank fraud, stealing bank funds, receipts of stolen funds

18 U.S.C. Section 371

**\* Max. Penalty**: fine up to $500,000

Count #: 2

Conspiracy to launder illegal proceeds

18 U.S.C. Section 1956(h)

**\*Max. Penalty:** fine up to $500,000

Count #: 54-58

Receipt of stolen bank funds

18 U.S.C. Section 2113(c)

**\*Max. Penalty:** fine up to $500,000

Counts #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**