# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number - 1:113C 09-20407-HUCK-01 |
| GARRY ROBERT SOUFFRANT | USM Number: 86098-004 |
| | Counsel For Defendant: T. Omar Malone, Esq. |
| | Counsel For The United States: Michael Sullivan |
| | Court Reporter: Patricia Sanders |

The defendant was found guilty on Count(s) 1,2,4-20,22,23,26-29, 32,33,35-45,49-52 and 56-59 of the Indictment. The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 USC §371 | Conspiracy to commit mail fraud, mortgage fraud, making false statements on loan applications, bank fraud and to steal and receive stolen bank funds. | 2/1/2008 | 1 |
| 18 USC §1956(h) | Conspiracy to launder illegal proceeds. | 2/1/2008 | 2 |
| 18 USC §1014 | Making false statements to mortgage lender. | 01/7/2008 | 4-8, 100-20,22,23,26-29, 33,36-37 |
| 18 USC §1341 | Mail fraud. | 07/26/2006 | 9,32,35,39,40 and 41 |
| 18 USC §1344 | Bank fraud. | 1/7/2006 | 38,42-45 |
| 18 USC §2113(b) | Stealing bank funds. | 1/8/2006 | 49-52 |
| 18 USC §2113© | Receiving stolen bank funds. | 1/8/2006 | 56-59 |

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) 3,21,24,25,30,31,34,46,47,48,53,54 and 55..

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

## Date of Original Judgment: April 1, 2010
(Or Date of Last Amended Judgment)

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court    ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
X Modification of Restitution Order (18 U.S.C. § 3664)

Date of Imposition of Sentence:
09/27/2010

PAUL C. HUCK
United States District Judge

September _27_, 2010

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a Total term of **240**. 240 Months as to each of counts 2, 4-8,9, 10-20, 22,23,26-29,32, 33,35, 36-38, 39-41, 42-45. **(60) Months** as to count 1 and **120 Months** as to counts 49-52 and 56-59. All counts to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a South Florida facility to serve his sentence and that he participate in the 500 hour DAP program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a Total term of **5 Years**. **(3) Years** as to each of counts 1,2,9,32,35, 39-41,49-52 and 56-59. **(5)Years** as to counts 4-8,10-20,22,23,26-29,33,36-38,42-45. All counts to run concurrently and with the following special conditions:

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:09-cr-20407-PCH Document 288 Entered on FLSD Docket 09/27/2010 Page 5 of 10
USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case
Page 5 of 7

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall cooperate in the collection of DNA sampling.

**Community Service** - The defendant shall perform **400 hours, if working full-time or 1,400 hours if working part-time** of community service as monitored by the U.S. Probation Officer. The requires that the defendant perform Community service at Miami Central Senior High School.

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Home Detention with Electronic Monitoring** - The defendant shall participate in the Home Detention Electronic Monitoring Program for full term of supervision . During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

**No New Debt Restriction** - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $4,500.00 | $ | $ Order of Restitution dated September 27, 2010 is incorporated herein |

Restitution with Imprisonment -
It is further ordered that the defendant shall pay restitution in the amount of $ Order of Restitution dated September 27, 2010 is incorporated herein. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.
Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

   **The determination of restitution is deferred until July 1, 2010. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such a determination.**

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:09-cr-20407-PCH   Document 288   Entered on FLSD Docket 09/27/2010   Page 7 of 10
USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 7 of 7

DEFENDANT: GARRY ROBERT SOUFFRANT
CASE NUMBER: 1:113C 09-20407-HUCK-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

   A. Lump sum payment of **$4,500.00** due immediately, balance due
   B. Order of Restitution dated September 27, 2010 is incorporated herein.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 NORTH MIAMI AVENUE, ROOM 8N09
MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

   Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20407-CR-HUCK

UNITED STATES OF AMERICA

vs.

GARRY SOUFFRANT, *et al.*,

        Defendants.
_____/

**ORDER OF RESTITUTION**

This Cause comes before the Court on a motion for restitution by the Government. The Court being fully apprised, it is ordered and Adjudged as follows:

1. The Court finds that restitution is required by Defendants Garry and Yvonne Souffrant to victims of their offenses of conviction, pursuant to Title 18, United States Code, Section 3663A. Defendant Garry Souffrant's offenses-of-conviction for which restitution is required are Counts 5-6, 8-20, 22-23, 27-29, 32-33, 35, 36, 38-44, 49-50 and 56-57. Defendant Yvonne Souffrant's offenses-of-conviction for which restitution is required are Counts 1 and 29. The victims of the offenses alleged in these counts which seek restitution are: Bank of America, Wells Fargo Bank, N.A., Tower Mortgage, HSBC Bank USA NA, and Provident Funding.

2. The Court finds that the total restitution amount which shall be payable to these victims is $4,779,830.99, which is the sum of the losses from mortgage loans made by these lenders.

3. It is hereby ordered that Garry Souffrant shall pay restitution to the victim lenders as follows:

9-27-10

- To Bank of America in the amount of $944,180;

- To Wells Fargo Bank, N.A. in the amount of $2,258,460;

- To Tower Mortgage in the amount of $830,270;

- To HSBC Bank USA NA in the amount of $316,920.99; and

- To Provident Funding in the amount of $430,000.

6. Defendant Yvonne Souffrant is Ordered to pay restitution, jointly and severally with Garry Souffrant, to Bank of America in the amount of $87,500. The defendants must begin making payments promptly.

7. It is Ordered that the $59,823 in jewelry, which was the subject of Defendant Garry Souffrant's Motion for Return of Property (DE 226), as well as two flat-screened televisions seized at the time of the arrest of the Defendants, be used to partially satisfy the Defendants' restitution obligations.

8. It is further Ordered that Defendants Garry and Yvonne Souffrant make such payment of restitution at the rate of 5 per [handwritten correction over 10%] of their respective monthly gross earnings. This rate of payment does not preclude the Government from pursuing other assets or income of the defendants in the future, should they have any, to satisfy their restitution obligations. In that regard, the Government must petition the Court for any change in the payment schedule or percentage rate.

9. Defendant Garry and Yvonne Souffrant shall notify the Court and the Government of any material change in either of their economic circumstances that might affect either defendant's ability to pay restitution.

10. The defendants shall deliver all payments to the U.S. Clerk's Office, Financial Section, 400 N. Miami Avenue, Miami, Florida 33128.

11.     The U.S. Probation Office and the United States Attorney's Office of the Southern District of Florida are responsible for the enforcement of this Order.

Done and Ordered this _27_ day of _September_, 2010.

PAUL C. HUCK
U.S. DISTRICT JUDGE

cc:    Counsel of Record
       U.S. Probation